```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
TYRONE KELLEY                 :    Civ. No. 3:15CV00977(AWT)
                              :
v.                            :
                              :
CITY OF HAMDEN, et al.        :    September 23, 2016
                              :
------------------------------x
```

**<u>RULING ON DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
 TO COMPEL ANSWERS TO QUESTIONS AT DEPOSITION [DOC. #69]</u>**

Pending before the Court is defendants'[1] Motion to Dismiss or, in the Alternative, to Compel Answers to Questions at Deposition. [Doc. #69]. On September 1, 2016, pro se plaintiff Tyrone Kelly ("plaintiff") filed a document captioned: "Motion to Dismiss: Motion to Dismiss or, in the Alternative in such Motion to Notice I agree to a Pre-Examined, Non-Incriminating, List of Questions." [Doc. #71 (sic) (capitalization altered)]. The Court construes this motion as plaintiff's response to defendants' Motion to Dismiss or, in the Alterative, to Compel Answers to Questions at Deposition.[2] For the reasons articulated below, defendants' Motion to Dismiss or, in the Alternative, to Compel

---

[1] The named defendants are: The City of Hamden; William Onofrio; Jason Scott; Patrol Officer McCue; Patrol Officer Venditto; John Inglese; Dennis Ryan; Detective Dolan; Patrol Officer D'Angelo; and Sgt. Ragozzino (hereinafter collectively referred to as the "defendants").

[2] Because the Court construes this document as plaintiff's response to defendants' motion, the Court **TERMINATES** this motion [**Doc. #71**], **as moot.**

1

Answers to Questions at Deposition [**Doc. #69**] is **GRANTED, in part, and DENIED, in part.**

## I. BACKGROUND

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983 claiming that he was falsely arrested "for offenses which [the Hamden Police Department] knew, or reasonably should have known, lacked the required indicia of probable cause." Doc. #1-3 at 1. As clarified during a September 14, 2015, case management conference [Doc. ##24, 25], plaintiff specifically takes issue with his arrest on June 30, 2013. Plaintiff claims that following a jury trial, he was "vindicated of such baseless charges[,]" which were brought against him in connection with the June 30, 2013, arrest. Doc. #1-3 at 1. Plaintiff alleges violations of his Constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. See id. at 4-5. Plaintiff also alleges state law claims for the "common law tort[s]" of false arrest, malicious prosecution, intentional and negligent infliction of emotional distress, libel and slander. Id. at 3-4. He also asserts a claim for negligence. See id. at 4.

On April 7, 2016, the Court held a status conference at which plaintiff appeared personally, and counsel for defendants by telephone. See Doc. ##55, 60, 62. During this conference, counsel for defendants orally moved to take the deposition of plaintiff, who was then, and now remains in the custody of the

2

Connecticut Department of Correction. [Doc. #61]. The Court granted this motion on the record. [Doc. ##60, 62]. On June 29, 2016, counsel for defendants traveled to Carl Robinson Correctional Institution in Enfield, Connecticut, to depose plaintiff. See Doc. #69-1 at 1.

Plaintiff's deposition began in the usual course, with defense counsel explaining the general purpose of the deposition and the typical procedure governing depositions. See Doc. #69-2, June 29, 2016, Deposition of Tyrone Kelley (hereinafter "Plaintiff's Deposition"), at 6:12-7:24. Defense counsel then proceeded to ask plaintiff basic background information, including his name, aliases, and prior residences. See id. at 7:25-11:18. Plaintiff then testified that he is unable to read or write a sentence in English, and is only sometimes able to understand spoken words. See id. at 12:1-8. Plaintiff has a tenth grade education, and has not received a General Education Diploma. See id. at 12:14-23.

Plaintiff initially refused to answer questions about the persons who had helped him prepare his pleadings and other papers filed in this lawsuit. See generally id. at 17:25-19:25. Following this refusal, defense counsel cautioned plaintiff: "It does matter [that plaintiff refuses to answer defense counsel's questions]. Because those people are potentially witnesses in this case. And if you refuse to identify them, I will caution you

3

that that is also a reason for the court to dismiss your case. I want to be fair with you about that." Doc. #69-2, Plaintiff's Deposition, at 20:1-5. Plaintiff then proceeded to identify some of his fellow inmates who assisted with the preparation of plaintiff's court filings. See id. at 20:16-22:3.

Soon after this line of inquiry, defense counsel encountered another roadblock when he began asking about plaintiff's prior felony convictions. See, e.g., id. at 24:4-10. For the remainder of the deposition, plaintiff generally refused to answer defense counsel's questions stating that he was "incompetent to answer any questions at this time;" that he did not "want to answer no more questions until [he had] a lawyer present;" or that he did not understand defense counsel's questions. Id. at 25:25-26:1; 27:12-14; 31:2-13. The deposition was then adjourned after plaintiff stated that he was not going to answer any further questions. See id. at 32:19-21.

## II.   APPLICABLE LAW

Rule 30 of the Federal Rules of Civil Procedure governs Depositions by Oral Examination and provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence[.]" Fed. R. Civ. P. 30(c)(1). Although objections to questions posed during a deposition are permitted, "the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P.

4

30(c)(2). A deponent may only refuse to testify under three circumstances: to preserve a privilege; to enforce a Court ordered limitation; or to present a motion under Rule 30(d)(3). See id.

When "a deponent fails to answer a question asked under Rule 30[,]" the "party seeking discovery may move for an order compelling an answer[.]" Fed. R. Civ. P. 37(a)(3)(B)(i). Additionally, when any person "impedes, delays, or frustrates the fair examination of the deponent[,]" Rule 30(d)(2) permits the imposition of an "appropriate sanction[.]" Fed. R. Civ. P. 30(d)(2).

### III. DISCUSSION

Defendants request that the Court dismiss plaintiff's complaint in light of plaintiff's refusal to answer questions at his deposition. Plaintiff responds that he is "more than compelled and willing to answer questions that the Court will screen and assure it is relevant to defense and claims in the 'very essence of the case.'" Doc. #71 at 1 (sic). Although plaintiff represents a willingness to answer certain "relevant" questions, he states that he is "very illiterate to the Law governing this case." Id. (sic). Plaintiff also states that he was "unsure if [his] answers could incriminate [him] toward Misconstrued interpretations in other matters and [he] only knew to exercise [his] constitutional right." Id. (sic). The Court

5

construes this as an assertion of plaintiff's Fifth Amendment privilege against self-incrimination.

"It is well settled that in response to a properly served notice for an oral deposition issued pursuant to Rule 30(a)(1), a party is required to provide relevant testimony in response to questions by the party conducting the deposition." Gordon v. Parole Officer Semrug, No. 14CV324(LGF), 2016 WL 259578, at *1-2 (W.D.N.Y. Jan. 21, 2016) (collecting cases). Here, plaintiff refused to provide answers to relevant deposition questions, instead responding that he wanted an attorney or that he did not understand the question posed. See generally Doc. #69-2. The Court will not, however, dismiss plaintiff's complaint based on that refusal.

> Where a party physically appears for the taking of his deposition, but refuses to cooperate by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify. This serves the purpose of impressing upon the party the seriousness of his actions and avoids a default judgment resulting from some misunderstanding on his part. If the party then refuses to obey the court's order, Rule 37(b) authorizes the court to impose the drastic sanction of dismissal. See Secs. and Exch. Comm'n v. Research Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975). As the Second Circuit has stated, "[t]he plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed and we have clearly held that 'dismissal under this subdivision [is] improper in the absence of an order.'" Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977), (citing Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 995 (8th Cir. 1975)).

Dawes v. Coughlin, 210 F.R.D. 38, 42 (W.D.N.Y. 2002); see also Salahuddin v. Harris, 782 F.2d 1127, 1130-31 (2d Cir. 1986) ("In a case where a deponent physically appears at a deposition but refuses to be sworn and testify, then the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and testify." (citation and internal quotation marks omitted)). Here, because plaintiff physically appeared at his deposition, dismissing his complaint before issuing an order compelling his testimony would be premature. The Court further declines to dismiss plaintiff's complaint in light of his pro se status and this Circuit's "well established preference for resolving cases on their merits[.]" Fappiano v. MacBeth, No. 3:09CV00043(CSH), 2010 WL 1839946, at *2 (D. Conn. May 7, 2010); see also New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (noting the Second Circuit has "expressed a strong 'preference for resolving disputes on the merits.'" (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001))).

The Court will, however, order plaintiff to appear for a continued deposition at which he must answer all relevant questions posed, except to the extent that plaintiff asserts a privilege, such as the privilege against self-incrimination. **The failure of plaintiff to fully participate in the re-noticed deposition and to answer any relevant questions may result in the**

7

**imposition of sanctions, including the dismissal of the complaint.** See Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party ... fails to obey an order to provide or permit discovery, including an order under Rule ... 37(a), the court where the action is pending may issue further just orders. They may include ... dismissing the action or proceeding in whole or in part[.]").

The Court directs plaintiff to the following guidelines when the deposition resumes. First, if plaintiff does not understand a question, he should ask defense counsel to rephrase the question. When a question calls for a "yes or no" answer, the deponent is directed to answer "yes or no." To the extent that plaintiff objects to a question, any such objection "must be stated concisely and in a non-argumentative and non-suggestive manner." Fed. R. Civ. P. 30(c)(2). Because plaintiff is appearing pro se, he may state his objection pursuant to Rule 30(c)(2), but must answer the question unless he is asserting a privilege.

Plaintiff may only refuse to answer a question when necessary to preserve a privilege, or to present a motion pursuant to Rule 30(d)(3). See Fed. R. Civ. P. 30(c)(2); 30(d)(3).[3] Such privileges would include, for example, the attorney-client privilege, or the Fifth Amendment privilege

---

[3] Rule 30(d)(3) provides: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3).

8

against self-incrimination. Plaintiff is advised that the attorney-client privilege is not applicable to communications with non-attorneys, such as fellow inmates who are assisting with his case. See, e.g., In re Queen's Univ. at Kingston, 820 F.3d 1287, 1295 (Fed. Cir. 2016) ("[C]ourts have consistently refused to recognize as privileged communications with other non-attorney client advocates, such as accountants. The same is true for jailhouse lawyers." (collecting cases) (internal citations omitted)); Moorhead v. Lane, 125 F.R.D. 680, 686 (C.D. Ill. 1989) (attorney-client privilege does not apply to "communications made to a 'jailhouse attorney'"); United States v. Henry, No. 06CR00033(JD), 2007 WL 419197, at *2 (E.D. Pa. Feb. 2, 2007) ("The attorney-client privilege does not extend to communications between a defendant and a 'jailhouse lawyer' who is not in fact a licensed attorney.").

Plaintiff is further advised that the Fifth Amendment privilege against self-incrimination generally does not apply to basic information about prior convictions, because "where there can be no further incrimination, there is no basis for the assertion of the privilege." Mitchell v. United States, 526 U.S. 314, 326 (1999). The Supreme Court has held that the privilege may not be invoked in response to questions about "cases in which the sentence has been fixed and the judgment of conviction has become final." Id. If plaintiff seeks to assert the privilege,

9

the incriminatory nature of the information sought must be clear, and "if the incriminatory nature is not obvious from the question or a blanket assertion of the privilege is made, the witness must explain in a limited fashion how his answer will be incriminatory." In re Endres, 103 B.R. 49, 54 (Bankr. N.D.N.Y. 1989) (collecting cases).

With respect to plaintiff's statements that he would not answer certain questions without an attorney present, plaintiff is reminded that the constitutional right to counsel does not extend to civil matters such as the claim he now brings. See Barzey v. Daley, No. 99CV11917(BSJ)(KNF), 2000 WL 959713, at *1 (S.D.N.Y. July 11, 2000) ("Unlike criminal defendants, prisoners and indigents filing civil actions have no constitutional right to counsel."). The Court has denied plaintiff's requests for appointment of counsel. See Doc. ##34, 47, 54, 60. If he wishes to pursue this matter, plaintiff must do so without counsel.

Plaintiff states that he is willing to answer relevant questions screened by the Court. The Court will not dictate the questions defense counsel is permitted to ask at plaintiff's deposition, and trusts that as an officer of the court, defense counsel will abide by the Federal Rules of Evidence and Civil Procedure when deposing plaintiff. At this stage of the proceedings, in addition to proportionality concerns, "[t]he threshold requirement of discoverability under the Federal Rules

10

of Civil Procedure is whether the information sought is 'relevant to any party's claim or defense.'" Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc., 272 F.R.D. 350, 356 (W.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). Judge Margolis has recently discussed the meaning of "relevant" under the 2015 amendments to the Federal Rules of Civil Procedure:

> "In order to be 'relevant' for Civil Rule 26 discovery purposes, information and evidentiary material must be 'relevant' as defined in Rule of Evidence 401." Bagley v. Yale Univ., No. 13CV1890(CSH), 2015 WL 8750901, at *8 (D. Conn. Dec. 14, 2015); see Fed. R. Civ. P. 26(b)(1), advisory committee notes to the 2015 amendments. Federal Rule of Evidence 401 defines "relevant evidence" as evidence having "any tendency to make a fact more or less probable than it would be without the evidence[,] and ... the fact is of consequence in determining the action."
>
> Discovery, however, "is concerned with 'relevant information'— not 'relevant evidence' — and that as a result the scope of relevance for discovery purposes is necessarily broader than trial relevance." Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 26, V. Depositions and Discovery (February 2016 Update)(footnotes omitted), citing, inter alia, Breon v. Coca-Cola Bottling Co. of New England, 232 F.R.D. 49, 52 (D. Conn. 2005). As amended, Rule 26(b)(1) explicitly provides: "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."

A.M. v. Am. Sch. for the Deaf, No. 3:13CV1337(WWE), 2016 WL 1117363, at *2 (D. Conn. Mar. 22, 2016). Accordingly, at the discovery phase of proceedings, the Federal Rules of Civil Procedure and Evidence permit broad inquiry into matters relevant to plaintiff's claims, or the defenses thereto.

At his deposition, plaintiff specifically took issue with defense counsel's inquiries about his prior felony convictions. See, e.g., Doc. #69-2, Plaintiff's Deposition, at 22:15-24:10. Plaintiff is advised that under the Federal Rules of Civil Procedure and Evidence, this is a proper line of inquiry. Federal Rule of Evidence 609 permits the impeachment of a witness by evidence of certain criminal convictions. See Fed. R. Evid. 609(a)(1)(A) (When "attacking a witness's character for truthfulness by evidence of a criminal conviction[] for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence[] must be admitted, subject to Rule 403, in a civil case[.]"). Accordingly, by inquiring into plaintiff's prior felony convictions, presumably to defend against plaintiff's claims, defense counsel acted well within the parameters of the Federal Rules of Evidence and Civil Procedure. See, e.g., Johnson v. Schmidt, No. 89CV0531, 1992 WL 135237, at *2 (E.D.N.Y. May 28, 1992) (Rule 609(a)(1) "permits evidence of prior convictions for the purpose of impeaching credibility at trial. The plaintiff's past convictions are therefore relevant to the issue of credibility and are subject to discovery.").

**Therefore, the Court hereby orders plaintiff to appear for a continued deposition, and to answer the questions of defense counsel, unless plaintiff asserts an appropriate privilege which**

12

**would provide a basis for not answering the question posed. Failure of plaintiff to comply with this Order may result in the imposition of sanctions, including, without limitation, the dismissal of his complaint.** See Fed. R. Civ. P. 37(b)(2)(A)(v).

Finally, the Court notes that discovery is now closed. See Doc. #60. The deadline by which to file dispositive motions has been extended to December 10, 2016. See Doc. #75. So that defendants may take the continued deposition of plaintiff, the Court hereby extends the fact discovery deadline, nunc pro tunc, to October 24, 2016, solely for the purpose of completing the deposition of plaintiff. No other fact discovery may be pursued during this time.

**IV.   CONCLUSION**

Accordingly, for the reasons stated, defendants' Motion to Dismiss or, in the Alternative, to Compel Answers to Questions at Deposition [**Doc. #69**] is **GRANTED** to the extent it seeks to Compel plaintiff's testimony at a continued deposition, and **DENIED**, to the extent it seeks to dismiss plaintiff's complaint.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an

order of the Court unless reversed or modified by the district judge upon motion timely made.[4]

SO ORDERED at New Haven, Connecticut, this 23rd day of September, 2016.

                                                      /s/
                                   HON. SARAH A. L. MERRIAM
                                   UNITED STATES MAGISTRATE JUDGE

---

[4] Because the Court is not ordering a dispositive sanction, this is not a recommended ruling, and is subject to review under the clearly erroneous standard. See, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citation omitted)); Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 303-04 (S.D.N.Y. 1997) ("[T]he imposition of sanctions is reviewable under the 'clearly erroneous or contrary to law' standard unless the sanction itself can be considered dispositive of a claim." (collecting cases)); Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 5-6 (1st Cir. 1999) (stating that a magistrate judge's imposition of discovery sanctions should be considered dispositive where such sanctions "fully dispose[] of a claim or defense" and thus fall within the "same genre as the enumerated motions" of §636(b)(1)(A)).