```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
TYRONE KELLEY,                :
        Plaintiff,            :
                              :
v.                            :     Civil No. 3:15CV00977(AWT)
                              :
CITY OF HAMDEN, et al.,       :
        Defendants.           :
                              :
------------------------------x
```

**ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, Defendants' Motion for Summary Judgment (Doc. No. 77) is hereby GRANTED. The Clerk shall enter judgment in favor of the defendants as to all claims in the plaintiff's complaint.

**LEGAL STANDARD**

"A motion for summary judgment should be granted if the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995)(citing Fed. R. Civ. P. 56(c); Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986)). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

"[M]ere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." Quarles v. General Motors Corp., 758 F.2d 839, 840 (2d Cir. 1985). "[T]he plaintiff must offer concrete evidence raising genuine disputes of material fact tending to show that his version of events is more than fanciful," and "may not rely on conclusory allegations or unsubstantiated speculation." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id.

**OFFICER JASON, OFFICER McCUE, DETECTIVE INGLESE, INVESTIGATOR RYAN, DETECTIVE DOLAN, OFFICER D'ANGELO AND SERGEANT RAGOZZINO**

These defendants are named in the caption of the complaint and the complaint contains conclusory allegations, but no specific

2

allegations, about them. As detailed in the Memorandum in Support of Defendants' Motion for Summary Judgment (Doc. No. 77-1) ("Defendants' Memorandum"), there is no evidence that these defendants were present when the plaintiffs spoke with police officers on May 29, 2013 or when he was arrested on June 30, 2013.

"[W]here a complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Zavatsky v. Aronson, 130 F. Supp. 2d 349, 358 (D. Conn. 2001) (quoting Dove v. Fordham Univ., 56 F. Supp. 2d. 330, 335 (S.D.N.Y. 1999)). The same principle applies now, at the summary judgment stage.

Therefore these defendants are entitled to summary judgment.

## WILLIAM ONOFRIO AND PATROL OFFICER VENDITTO

### False Arrest and Malicious Prosecution

The plaintiff brings claims for false arrest and malicious prosecution. He contends that his arrest on June 30, 2013 was the result of an inadequate investigation and false evidence provided by these defendants, and points to the fact that he was acquitted after a jury trial in Connecticut Superior Court. However, "the existence of probable cause is a complete defense

to a . . . claim alleging false arrest or malicious prosecution." Garcia v. Gasparri, 193 F. Supp. 2d 445, 449 (D. Conn. 2002) (citing Curley v. Village of Suffern, 268 F.3d 65, 69-70 (2d Cir. 2001)).

The probable cause inquiry:

> is an objective one that focuses on the facts available to the arresting officer at the time of the arrest. Probable cause exists when, based on the totality of circumstances, the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.

Finigan v. Marshall, 574 F.3d 57, 61-62 (2d Cir. 2009) (quotation marks and citations omitted).

Here there is no genuine issue as to the fact that the arrest of the plaintiff on June 30, 2013 was supported by probable cause. The victim positively identified the plaintiff as the individual who shot him in two sworn witness statements and in a photo lineup. Moreover, the arrest was made pursuant to a duly issued warrant. The fact that the criminal charges against the plaintiff were dismissed does not bear on whether there was probable cause for the arrest. See Krause v. Bennett, 887 F.2d 362, 371 (2d Cir. 1989) ("[P]robable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful.")

4

The plaintiff contended during the telephonic status conference on August 15, 2017 that transcripts from his criminal trial would serve to create a genuine issue of a material fact as to the existence of probable cause. He asserted that the officers lied when they stated that the victim told them that the plaintiff had shot him. However, the only evidence the plaintiff pointed to in support of that contention was that the victim's description of the plaintiff was wrong with respect to the clothing the plaintiff was wearing. This would not be sufficient to create a genuine issue of material fact as to probable cause.

Therefore, these defendants are entitled to summary judgment with respect to the plaintiff's claims for false arrest and malicious prosecution.

**Defamation**

To establish a prima facie case of defamation, the plaintiff must demonstrate that: "(1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement."

5

Gambardella v. Apple Health Care, Inc., 291 Conn. 620, 627–28 (2009).

The plaintiff's defamation claim arises out of information contained in police reports and the arrest warrant application. Such reports are protected by the qualified privilege afforded statements made during an ongoing police investigation. See Hopkins v. O'Connor, 282 Conn. 821 (2007). "[T]he malice required to overcome a qualified privilege in defamation cases is malice in fact or actual malice." Id. at 845 (citations omitted). However, the plaintiff has failed to present evidence that creates a genuine issue of material fact as to whether the defendants harbored malice towards him.

Therefore, these defendants are entitled to summary judgment with respect to the plaintiff's defamation claims.

### Intentional Infliction of Emotional Distress

To prevail on a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the

6

plaintiff was severe." Appleton v. Board of Education, 254 Conn. 205, 210 (2000). Extreme and outrageous conduct is defined as conduct that "exceeds all bounds usually tolerated by decent society." Crocco v. Advance Stores Co., 421 F. Supp. 2d 485, 504 (D. Conn. 2006) (quoting Carrol v. Allstate Insurance Co., 262 Conn. 433, 443 (2003)). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially for the court to determine." Appleton, 254 Conn. at 210.

Here, based on the information available to them, the defendants were justified in questioning the plaintiff on the evening of the shooting and ultimately arresting him once he was positively identified by the victim in sworn statements and a photo line-up. Such reasonable and prudent conduct on the part of the defendants falls well short of meeting the standard for extreme and outrageous conduct.

Therefore, these defendants are entitled to summary judgment with respect to these plaintiffs' claims for intentional infliction of emotional distress.

**Negligence and Negligent Infliction of Emotional Distress**

Municipalities and their employees are generally immune from liability for discretionary governmental conduct. See

Conn. Gen. Stat. § 52-557n(a)(2)(B) ("[A] political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."). "[T]he operation of a police department is a discretionary governmental function." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 179 (1988). "Police officers are protected by discretionary act immunity when they perform the typical functions of a police officer." Soderlund v. Merrigan, 110 Conn. App. 389, 400 (2008). While there are three recognized exceptions to discretionary act immunity, as set forth in the Defendants' Memorandum, the plaintiff has failed to produce evidence that would create a genuine issue of material fact as to whether any of the alleged acts and or omissions of either of these defendants falls within one of these exceptions.

Therefore, these defendants are entitled to summary judgment with respect to the plaintiff's claims for negligence and negligent infliction of emotional distress.

### CITY OF HAMDEN

Under Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978), a municipality is liable pursuant to 42 U.S.C. § 1983 only for its own acts. The defendant discusses the four ways in

8

which a plaintiff can demonstrate that a municipality has acted. See Defendants' Memorandum at pages 15-16. The plaintiff has failed to produce evidence of a formal policy officially adopted by the municipality that was unconstitutional on its face. See Monell, 436 U.S. at 690. The plaintiff makes no allegation that any single, unconstitutional act or decision was taken by an authorized decision-maker. See Bd. Of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 405-06 (1997); Pembaur v. City of Cincinnati, 475 U.S. 469, 481-84 (1986). The plaintiff has not produced evidence sufficient to create a genuine issue as to whether the defendants were part of "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)(citation and internal quotation marks omitted). The plaintiff has not produced evidence that could create a genuine issue as to whether some failure on the part of the municipality to provide adequate training or supervision of the defendants rises to the level of deliberate indifference. See, e.g., Brown, 520 U.S. at 407-08; City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989).

Therefore this defendant is entitled to summary judgment with respect to the plaintiff's Monell claim.

## CONCLUSION

The Clerk shall close this case.

It is so ordered.

Dated this 30th day of August 2017, at Hartford, Connecticut.

>                    /s/AWT
>              Alvin W. Thompson
>           United States District Judge